IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

AUG 28 2015

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

| | | |
|---|---|---|
| BENJAMIN MASON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-478-A |
| | § | (NO. 4:13-CR-077-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for decision the motion of Benjamin Mason
("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence.   After having considered such motion, its
supporting memorandum, the government's response, and pertinent
parts of the record in Case No. 4:13-CR-077-A, styled "United
States of America v. Benjamin Mason," the court has concluded
that such motion should be denied.

I.

<u>Background</u>

Information contained in the record of Case No. 4:13-CR-077-
A discloses the following background that is potentially
pertinent to the grounds of movant's motion:

On May 15, 2013, movant was named in a one count indictment
charging him with bank robbery, in violation of 18 U.S.C. §

2113(a). CR Doc. 5.[1] Movant pleaded guilty without benefit of a plea agreement. CR Doc. 35; 39. The plea colloquy establishes that movant's plea was knowing and voluntary and that movant was fully competent and capable of entering into an informed plea. The plea did not result from force, threats or promises. Movant's advisory guideline range was 151 to 188 months, but the court sentenced him to a term of 240 months' imprisonment. CR Doc. 35; 40. Movant appealed and his sentence was affirmed. <u>United States v. Mason</u>, 583 F. App'x 381 (5th Cir. 2014).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

<u>Grounds of the Motion</u>

Movant asserts four grounds in support of his motion, worded as follows:

GROUND ONE: Counsel's ineffectiveness for not briefing his client's competency before entering him into a plea with the government. Doc. 1 at 4.[2]

---

[1] The "CR Doc." reference is to the Clerk's electronic filing record in the underlying criminal proceeding, No. 4:13-CR-077-A..

[2] The "Doc." reference is to the Clerk's electronic filing record in this civil action, No. 4:15-CV-
(continued...)

GROUND TWO: Counsel was ineffective when he advised [movant] that he would receive a 2 or 3 level reduction in exchange for his plea. Doc. 1 at 5.

GROUND THREE: The court erred by not providing prior notice pursuant to F.R.Crim.P. Rules 32(h) and 32(i)(1)(c). Doc. 1 at 7.

GROUND FOUR: Failure to seek Supreme Court Review. Ineffective Assistance of Counsel. Doc. 1 at 8.

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of

---

[2](...continued)
478-A.

3

habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974). Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack." Moore v. United States, 598 F.2d 439, 441
(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,
517-18 (5th Cir. 1978)).

B.   Legal Standard for Ineffective Assistance of Counsel Claim

To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984); see also
Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).
"[A] court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the
defendant as a result of the alleged deficiencies." Strickland,
466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750,
751 (5th Cir. 2000). "The likelihood of a different result must
be substantial, not just conceivable," Harrington v. Richter, 562
U.S. 86 (2011), and a movant must prove that counsel's errors "so
undermined the proper functioning of the adversarial process that

4

the trial cannot be relied on as having produced a just result."
Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011)
(quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this
type of claim must be highly deferential and the defendant must
overcome a strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
Strickland, 466 U.S. at 689. Stated differently, the question is
whether counsel's representation amounted to incompetence under
prevailing professional norms and not whether it deviated from
best practices or most common custom. Premo v. Moore, 562 U.S.
115, 122 (2011).

C.   Ineffective Assistance Grounds

     Movant's first ground alleges that he received ineffective
assistance of counsel because his attorney did not brief movant's
competency. Doc. 1 at 4. The memorandum submitted along with the
motion clarifies that movant is claiming that he was "unstable"
at the time of his plea and also that his counsel should have
conducted an investigation into potentially mitigating evidence
with regard to sentencing. Doc. 2 at 3.

     The record establishes that movant knowingly and voluntarily
entered into his guilty plea. CR Doc. 39. The court specifically
questioned movant regarding emotional or mental disabilities and
movant swore under oath that he had none and was of sound mind.

                                5

Id. at 17-18. Movant cannot now be heard to refute his solemn testimony under oath absent corroboration by independent and reliable evidence. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Further, movant's attorney confirmed that he had no reason to doubt movant's competency. CR Doc. 39 at 18.

As for mitigating evidence, movant's counsel raised movant's troubled childhood and the rough neighborhood from which he had come. CR Doc. 40 at 6-10. Movant has not established that his counsel was ineffective in this regard. He has offered nothing more than conclusory allegations, which are insufficient to meet the test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

In his second ground, movant argues that counsel was ineffective because he improperly advised movant regarding the sentence he would receive. Doc. 1 at 5-6; Doc. 2 at 2 (briefing as though this were the first ground). Through the plea colloquy at rearraignment, the court thoroughly apprised movant of his rights and made sure that movant understood them and what might happen as a result of his plea of guilty. CR Doc. 39. Movant swore under oath that he had discussed with his attorney how the sentencing guidelines might apply to his case. Id. at 12. The court verified that movant understood that he faced a sentence of up to twenty years' imprisonment and that movant would still be bound by his plea even if he was not happy with the sentence. Id.

at 21-23. Movant swore under oath that no one had made any promise or assurance of any kind to induce him to plead guilty and that he did not have any deal or understanding of any kind with the government. Id. at 21. Again, movant cannot overcome his solemn declarations made in open court without corroboration by independent and reliable evidence, of which movant has offered none. United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006); Cervantes, 132 F.3d at 1110.

In his fourth ground, movant alleges that his attorney was ineffective for failing to seek review in the United States Supreme Court. Doc. 1 at 8. His brief makes clear that that his complaint is that his attorney failed to comply with movant's request that the attorney file a petition for certiorari. Doc. 2 at 5. (The government apparently misunderstands the argument to be that movant was deprived of his right to petition for certiorari because he was not advised of the Fifth Circuit's ruling on his appeal. Doc. 9 at 15.)

Movant contends that his attorney "was never excused from filing certiorari." Doc. 2 at 5. However, movant had no constitutional right to counsel for pursuit of a petition for certiorari. Wainright v. Torna, 455 U.S. 586, 587-88 (1982). Accordingly, he could not be deprived of effective assistance by his counsel's failure to file a timely petition. Id.; Wyatt v.

<u>United States</u>, 574 F.3d 455, 459 (7th Cir. 2009); <u>United States v. Lauga</u>, 762 F.2d 1288, 1291 (5th Cir. 1985); <u>United States v. Jackson</u>, No. 3:00-CR-347-P, 2005 WL 3445585, *7 (N.D. Tex. Dec. 15, 2005).

D.   <u>Rule 32 Notice</u>

In his third ground, movant urges that the court erred in failing to provide prior notice of intent to depart from the guidelines, as required by Fed. R. Crim. P. 32. Doc. 1 at 7; Doc. 2 at 4-5. The record reflects that more than two weeks before sentencing, the court notified the parties of its tentative conclusion that a sentence above the guideline range should be imposed. CR Doc. 29. And, in any event, the court imposed movant's sentence as both a departure and a variance. CR Doc. 40 at 13-15. Although a departure requires notice, which was given, a variance does not. <u>United States v. Jacobs</u>, 635 F.3d 778, 782 (5th Cir. 2011). Thus, even had notice not been given, there was no error. This ground is procedurally defaulted in any event. <u>Shaid</u>, 937 F.2d at 232.

IV.

<u>Order</u>

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

8

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 28, 2015.

JOHN McBRYDE
United States District Judge